UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-200-F

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| AMCEE ENTERPRISES, INC., , | ) | |
| MOHANBHAI M. PATEL and | ) | |
| PRADIP M. PATEL, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Motion for Entry of Judgment [DE-10] filed by Plaintiff Choice Hotels International, Inc. ("Choice Hotels"). The court cannot allow the motion for default judgment based on the record before the court, and therefore the motion is DENIED without prejudice to renew within 60 days.

## I. PROCEDURAL HISTORY

Choice Hotels initiated this action on March 20, 2013, against its former franchisees, Defendants Amcee Enterprises, Inc., Mohanbhai M. Patel, and Pradip M. Patel. Choice Hotels alleged claims for federal trademark infringement, federal unfair competition, violation of the North Carolina Unfair and Deceptive Trade Practices Act and common law trademark infringement and unfair competition. Compl. [DE-1]. The record shows that Choice Hotels filed a "Notice of Service of Process" [DE-6] on April 17, 2013, stating that proper service had been effected on the Defendants, and attaching proof of delivery receipts from FedEx [DE-6-1]. Choice Hotels thereafter filed a Motion for Entry of Default [DE-7], which was allowed by the Clerk of Court on July 17,

1

2013 [DE-8]. The Clerk of Court later issued a Notice [DE-9] directing Plaintiff to proceed after entry of default, and Choice Hotels filed the instant Motion for Entry of Judgment [DE-10], which the court construes as motion for default judgment.

## II. ANALYSIS

Rule 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend against the allegations in the complaint. Fed. R. Civ. P. 55(b)(2). A motion for entry of default judgment raises three issues for a court: (1) whether default judgment is appropriate under Rule 55; (2) whether the plaintiff has adequately stated its claim such that the court may enter default judgment thereon; and (3) whether a plaintiff is entitled to the relief it seeks in the motion for default judgment. In this case, outstanding questions surrounding the first issue prevent the court from allowing Choice Hotel's Motion for Default Judgment. Specifically, there is insufficient evidence in the record for the court to determine that it has personal jurisdiction over Defendant Amcee Enterprises, Inc.

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). If the court does not have personal jurisdiction over the defendant, then any judgment entered against the defendant is void. *Id.*; *see also Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Because Defendant Amcee Enterprises appears to be a corporation, Federal Rule of Civil Procedure 4(h) governs service. Proper service may be effected under Rule 4(h) by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Fed. R. Civ. P. 4(h)(1). North Carolina law, in turn, allows for service

2

on a domestic corporation "[b]y depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent [of the corporation] to be served . . . , delivering to the addressee, and obtaining a delivery receipt." N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(d).

In this case, there is no indication that the copy of the summons and complaint was addressed to an "officer, director, or agent" of Defendant Amcee Enterprises, as required by North Carolina law. Instead, the receipt proffered by Choice Hotels indicates that it was delivered to "Amcee Enterprises Inc." *See* Proof of Service [DE-6-1] at 1. The court for the Middle District of North Carolina found service of process to be deficient where a *pro se* plaintiff directed the summons and complaint to solely to the corporate defendant, without specifying any officer, director, or agent of the corporation. *See Shaver v. Cooleemee Volunteer Fire Dep't.*, Civil Action No. 1:07cv00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008). Rejecting the plaintiff's argument that because the defendant received actual notice, there was "no harm, no foul," the *Shaver* court stated:

> The filing of a lawsuit is a serious event, irrespective of its merit. Service rules are structured to ensure due process and uniformity in the application of procedures which alert those receiving a corporation's mail that the enclosed lawsuit demands prompt attention. These rules apply equally to litigants proceeding with or without counsel. Service of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred.

*Id.* Other district courts in Middle District have reached the same conclusion. *See Benitez v. Maxim Healthcare Servs.*, No. 1:12CV1195, 2013 WL 3441734, at *3 (M.D.N.C. July 9, 2013) (concluding that where plaintiff failed to show that she properly served a corporation's officer, director, or agent, dismissal was appropriate); *Adams v. GE Money Bank*, No. 1:06-CV-00227, 2007 WL 1847283, at *3 (M.D.N.C. June 25, 2007) (dismissing plaintiff's complaint as to a corporation where plaintiff

3

failed to mail a copy of the summons and complaint " to the officer, director, or managing agent" of the corporation). This court agrees with the reasoning set forth by the courts in the Middle District. Because "North Carolina law requires that service of process statutes be strictly construed and followed," *Shaver*, 2008 WL 942560, at *2, this court cannot find that Choice Hotels has proffered sufficient proof of proper service upon Defendant Amcee Enterprises, Inc.

Additionally, under North Carolina law, "[b]efore judgment by default may be had on service . . . by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) with delivery receipt, the serving party shall file an affidavit with the court showing proof of such service in accordance with the requirements of G.S. 1-75.10(a)(5) . . . ." N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2). Although Choice Hotels has filed a Notice of Service [DE-6] with the attached delivery receipts, it has not filed the required affidavit or declaration. Accordingly, the court cannot find that it is proper to enter default judgment as to the other individual defendants.

### III. CONCLUSION

For the foregoing reasons, Choice Hotel's Motion for Entry of Judgment [DE-10] is DENIED without prejudice to refile within 60 days. Any new motion for default judgment must be supported by evidence that the defendants were properly served with process under North Carolina law.

SO ORDERED.

This the 31st day of July, 2014.

_____
JAMES C. FOX
Senior United States District Judge

4